IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIE ANN HILL,

    PLAINTIFF,

V.                                            CIVIL ACTION NO.

WAL-MART STORES, INC.
d/b/a Sam's Club #4724,

    DEFENDANT.                          JURY TRIAL REQUESTED

## COMPLAINT

**I.    JURISDICTION**

    1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 220, 2202 and 29 U.S.C. § 621. This is a suit authorized and instituted pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.*, (ADEA) and Title VII of the Civil Rights Act of 1964, as amended (Title VII), and pursuant to 42 U.S.C. § 1981. The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights secured by Title VII, § 1981, and ADEA.

    2.    Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff timely filed her charge of discrimination within 180 days of occurrence of the last discriminatory act (Exhibit "A"). Plaintiff

timely filed suit within 90 days of the receipt of the right-to-sue letter from the EEOC (Exhibit "B").

## II. PARTIES

3. Plaintiff, Willie Ann Hill, (hereinafter "Plaintiff") is a citizen of the United States and a resident of Bessemer, Jefferson County, Alabama.

4. Defendant, Wal-Mart Stores, Inc. d/b/a Sam's Club #4724 (hereinafter "Defendant"), is an entity subject to suit under Title VII and ADEA. Defendant is a corporation doing business in the State of Alabama. Defendant employs at least fifteen (15) persons.

## III. STATEMENT OF CLAIMS

5. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 4 above with the same force and effect as if fully set in specific detail below.

6. During November of 2004, Plaintiff began work with Defendant.

7. At all times while employed with Defendant, Defendant classified Plaintiff as an hourly paid, non-exempt employee.

8. On May 25, 2013, Defendant terminated Plaintiff's employment.

9. At the time of Plaintiff's termination of employment, Plaintiff held the position of bakery wrapper/breakout.

10. Plaintiff's job duties included packaging bread, cookies, muffins, pies, etc. Plaintiff would "breakout" bread, cookies, muffins and pies. Plaintiff cleaned

ovens; loaded dishwashers; filled 48 tables; mopped out the cooker; do donations; cleaned drains; took cake orders; decorated cakes; waited on members; took out trash; swept floors; wiped down shelves; put up supplies, etc.

11. Plaintiff's immediate supervisor was James Ezell.

**IV.  COUNT ONE – Age Discrimination – ADEA**

12. Plaintiff re-alleges and incorporates by reference paragraphs 1-11 above with the same force and effect as if fully set out in specific detail below.

13. At the time of Defendant terminated Plaintiff's employment, Plaintiff was 72 years of age.

14. At the time of Defendant terminated Plaintiff's employment, her store manager was LeAnn Graham (Caucasian).

15. Plaintiff reported to Graham, and to managers holding the position of store manager before Graham, that co-workers were making age based comments towards Plaintiff.

16. The first report of age based comments was regarding Margarite (LNU). Plaintiff reported to the then store manager, LeAnn Cox, and to Tolanda (LNU) of HR that Margarite (LNU) was telling Plaintiff that she "needed to be at home in a rocking chair."

3

17. On several occasions, a co-worker of Plaintiff, Danielle Farris (Caucasian), made comments to Plaintiff about the fact that she was "too old to be working."

18. Plaintiff reported Farris's comment to James Ezell, Tolanda (LNU), Team Lead, Leslie (LNU), as well as to Graham, but nothing was done and the age based comments continued.

19. On one or more occasions, Leslie (LNU) made aged based comments to Plaintiff, which Plaintiff reported to Graham to no avail, as comments continued.

20. Mickey (LNU) and even Plaintiff's supervisor, Ezell, asked Plaintiff on more than one occasion when she was going to retire.

21. During the course of Plaintiff's employment under Graham and Leslie, Plaintiff was assigned more duties than other employees were required to do that held the same or similar job position.

22. Leslie and Graham singled out Plaintiff and treated her differently than her co-workers.

23. On May 7, 2013, Farris, about whom Plaintiff had complained to Graham about previously making aged based remarks, told Graham that Plaintiff had called a co-worker, Tilatha Findley, a whore.

4

24. Plaintiff was told nothing about this accusation by Farris until May 25, 2013, when Ezell confronted Plaintiff about it.

25. Plaintiff absolutely denied making any such comment to Findley or anybody else and stated clearly that she does not talk that way. Ezell terminated Plaintiff's employment with Graham's approval.

26. On May 15, 2013, Ezell also confronted Plaintiff about the accusation that she had supposedly "pushed four rolling racks and a bakery cart in an unsafe and unprofessional manner, causing her co-worker to fear for their safety."

27. Defendant's accusation was clearly incoherent and illogical, as Plaintiff was not physically capable of performing the task for which she was accused.

28. Defendant singled out and treated Plaintiff differently because of her age, 72, in comparison to younger employees, including Farris, and other co-workers who had engaged in similar and/or worse conduct with the knowledge of management in which Defendant terminated Plaintiff but not younger employees in violation of the ADEA.

29. As a result of Defendant's violation of the ADEA, Plaintiff has been damaged, suffering loss of pay and benefits.

## V.     COUNT TWO – RACE DISCRIMINATION – Title VII

30. Plaintiff re-alleges and incorporates by reference paragraphs 1-29 above with the same force and effect as if fully set out in specific detail below.

31. Plaintiff if an African-American female.

32. Defendant's management treated Farris (Caucasian) better than Plaintiff under virtually identical circumstances.

33. Defendant did not discipline Farris, but Defendant termindat4ed Plaintiff for less egregious conduct than the misconduct committed by Farris.

34. Defendant was motivated by Plaintiff's race, black, and treated Plaintiff worse than it did Farris under virtually identical circumstances.

35. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## VI.    COUNT THREE – RACE DISCRIMINATION - § 1981

36. Plaintiff re-alleges and incorporates by reference paragraphs 1-35 above with the same force and effect as if fully set out in specific detail below.

37. Plaintiff if an African-American female.

38. Defendant's management treated Farris (Caucasian) better than Plaintiff under virtually identical circumstances.

39. Defendant did not discipline Farris, but Defendant termindat4ed Plaintiff for less egregious conduct than the misconduct committed by Farris.

40. Defendant was motivated by Plaintiff's race, black, and treated Plaintiff worse than it did Farris under virtually identical circumstances.

41. Defendant was motivated by Plaintiff's race, black, and treated Plaintiff worse than it did Farris under virtually identical circumstances.

42. As a result of Defendant's violation of § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## VII.   COUNT FOUR – RETALIATION – ADEA

43. Plaintiff re-alleges and incorporates by reference paragraphs 1-42 above with the same force and effect as if fully set out in specific detail below.

44. Plaintiff complained about age based comments made by her co-workers Farris, Leslie, and even Ezell, the individual who fired Plaintiff, to no avail.

45. Defendant's employee Ezell, with Graham's approval with Graham's approval, terminated Plaintiff's employment after Plaintiff had complained about age based comments made by management and co-workers.

46. Defendant's actions in terminating Plaintiff's employment were in retaliation for Plaintiff's complaints of age discrimination in violation of ADEA.

47. As a result of Defendant's actions in terminating Plaintiff's employment, Plaintiff has been damaged suffering loss of pay and benefits.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A.  Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant ant at the Defendant's request from continuing to violate Title VII, § 1981, and ADEA.

B.  Enter an Order requiring Defendant to make Plaintiff whole by awarding her reinstatement, front pay, back pay (plus interest) compensatory damages, nominal damages, special damages, injunctive and declaratory relief and benefits.

C.  Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

_____
DAVID R. ARENDALL

_____
ALLEN D. ARNOLD

OF COUNSEL:
ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 – Office; 205.252.1556 – Facsimile

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

_____
OF COUNSEL


DEFENDANT'S ADDRESS:

Wal-Mart Stores, Inc. d/b/a Sam's Club #4724
c/o Agent for Service of Process
C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

9